**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 06-50014-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MICHAEL BRADY SWAN | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence (Record Document 54) filed by Petitioner Michael Brady Swan ("Swan"). Swan seeks relief under Johnson v. United States, 135 S.Ct. 2551 (2015) and asks that his enhanced sentence be vacated in its entirety. See id. The Government answered Swan's Section 2255 motion, arguing that such motion should be denied. See Record Document 59. For the following reasons, Swan's Motion to Vacate, Set Aside, or Correct a Sentence is hereby **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

On February 22, 2006, the grand jury returned a four count Indictment charging Swan with the following: possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (Count 1); possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count 2); possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3); and possession of unregistered grenades, in violation of 26 U.S.C. §§ 5841, 5861(e), and 5871 (Count 4). See Record Document 13. On June 29, 2006, Swan entered a conditional guilty plea to Counts 1, 2, and 3, reserving his right to appeal this Court's adverse ruling on his motion to suppress. See Record Documents 36 & 37.

For purposes of calculating the appropriate sentencing guideline, the Presentence Investigation Report ("PSR") grouped Counts and 1 and 2 together in Group 1 and Count 3 in Group 2. See PSR ¶ 25. Count 1 had a base offense level of 22 and an adjusted offense level of 32. See id. ¶¶ 26, 32. Count 2 also had an adjusted offense level of 32. See id. at ¶ 49. Pursuant to the grouping rules and accounting for Swan's acceptance of responsibility, the total offense level for Group 1 was 29. See id. at ¶ 52. However, because Swan had previous convictions for crimes of violence including three counts of simple burglary of an inhabited dwelling in 1997, he was subject to an enhancement under the Armed Career Criminal Act ("ACCA"). See id. ¶¶ 53, 60–72. Thus, with the ACCA enhancement the total offense level for Group 1 was 31. See id. at ¶ 55. Count 3 (Group 2) mandated a 60-month sentence to be run consecutively with Count 2. See id. at ¶ 57.

The guideline range for Group 1 with a total offense level of 31 and a Criminal History Category of VI was a term of imprisonment between 188 to 235 months. See id. at ¶ 96. As to Group 2, the guidelines mandated a 60-month term of imprisonment to run consecutively with Group 1. See id. In October 2006, Swan was sentenced to serve concurrent terms of imprisonment of 220 months as to Counts 1 and 2 and a consecutive term of 60 months as to Count 3. See Record Document 41. The conviction and sentence were affirmed by the Fifth Circuit. See U.S. v. Swan, 259 F. App'x 656 (5th Cir. 2007).

On June 14, 2016, Swan filed the instant § 2255 motion asserting relief under Johnson, 135 S.Ct. 2551. See Record Document 54. Specifically, Swan asserts he should not have qualified for the ACCA enhancement based on his previous convictions for burglary because the record is devoid of "any reference to a 'violent felony.'" Id. at 2. Swan also contends that 18 U.S.C. § 924 and U.S.S.G. § 4B1.1 are unconstitutionally

vague because they do not define burglary. See id. at 2–3. Finally, Swan argues the Court could not serve as a factfinder to determine whether Swan was convicted of a violent felony. See id. at 4–5.

The Clerk issued this district's standard procedural and administrative orders governing Johnson-based § 2255 cases and appointed the Office of the Federal Public Defender ("FPD") to represent Swan. See Record Documents 55 & 56. The FPD moved to withdraw its representation in February 2017, which this Court granted. See Record Documents 57 & 58. The Government filed an opposition to Swan's § 2255 motion asserting the motion is time-barred and that Swan is not entitled to relief under Johnson. See Record Document 59.

## LAW AND ANALYSIS

Section 2255 Motions to Vacate, Set Aside, or Correct a Sentence are subject to a one-year statute of limitations period. See 28 U.S.C. § 2255(f). This one-year period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

See id. Swan's judgment of conviction became final March 17, 2008, 69 days after the Fifth Circuit issued its mandate affirming the sentence. See Clay v. U.S., 537 U.S. 522,

525, 123 S.Ct. 1072, 1074 (2003).[1] Therefore, unless another provision of § 2255(f) applies, Swan's one-year period expired March 17, 2009. Swan asserts his motion is timely under § 2255(f)(3) because it is brought pursuant to the recent Supreme Court decision in Johnson. See Record Document 54.

The Court in Johnson held that the residual clause of the ACCA is unconstitutionally vague because it "denies fair notice to defendants and invites arbitrary enforcement by judges." Johnson, 135 S.Ct. at 2557. The residual clause provided a "catch-all" definition of a violent felony as "conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Court made clear, however, that the decision did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA]'s definition of a violent felony." Johnson, 135 S.Ct. at 2563. Thus, after Johnson the definition of a violent felony under the ACCA includes "any crime punishable by imprisonment for a term exceeding one year…that: (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is burglary, arson, or extortion, involves use of explosives." 18 U.S.C. § 924(e)(2)(B)(i)–(ii).

Swan asserts he is subject to relief under Johnson because it is unclear from the record if his previous convictions were considered violent felonies pursuant to the residual clause. See Record Document 54 at 2. However, this argument is without merit. Swan was convicted for three counts of simple burglary of an inhabited dwelling[2] pursuant to

---

[1] This 69-day period correlates with the deadline to file a writ of certiorari with the United States Supreme Court. See Clay, 537 U.S. at 524–25.

[2] As the Government correctly notes that although the three convictions were handled in one proceeding, they are still considered separate convictions under § 924(e) because each conviction arose from a separate criminal transaction. See U.S. v. Herbert, 860 F.2d 620, 622 (5th Cir. 1988) ("Where…a defendant is convicted in a single judicial proceeding for multiple counts arising from separate distinct criminal transactions that those convictions should be treated as multiple convictions under § 924(e).").

Louisiana Revised Statute 14:62.2. See PSR ¶¶ 69–72. Louisiana's simple burglary of an inhabited dwelling constitutes a violent felony under the enumerated offenses of the ACCA. See United States v. Williams, No. 13-146, 2016 WL 792431, at *5 (M.D. La. Feb. 29, 2016); see also U.S. v. Myles, 423 F. App'x 442 (2011). As the Court in Johnson made clear, the decision did "not call into question application of the [ACCA] to the four enumerated offenses." 135 S.Ct. at 2563. Therefore, Johnson is inapplicable to Swan's sentence and Swan cannot use § 2255(f)(3) to extend the statute of limitations. Accordingly, all of Swan's § 2255 claims are time-barred and are hereby **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Because the § 2255 motion is untimely, Swan's § 2255 motion is hereby **DENIED,** and all claims are hereby **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED,** at Shreveport, Louisiana, on this the 13th day of April, 2020.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT